**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND; INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION FUND; INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; and CENTRAL MIDWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>Plaintiffs,<br><br>vs.<br><br>POLE BARN SPECIALISTS, LLC, an Indiana limited liability company; TAYLOR KITCHELL, an individual; and THOMAS TRUTY, an individual,<br><br>Defendants. | ) | Case No.: 1:24-cv-371-MPB-TAB |

**MOTION TO REINSTATE THE LAWSUIT AND**
**<u>FOR ENTRY OF JUDGMENT AGAINST DEFENDANTS</u>**

Plaintiffs, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND *et al.* ("Plaintiffs"), by and through their attorneys, JOHNSON & KROL, LLC, hereby move this Honorable Court to reinstate the lawsuit and to enter judgment against the Defendants POLE BARN SPECIALISTS, LLC ("Pole Barn Specialists"), TAYLOR KITCHELL ("Kitchell"), and THOMAS TRUTY ("Truty"), and in support thereof, state as follows:

1. In August 2024, the parties entered into a Settlement Agreement. (A copy of the Settlement Agreement is attached hereto as **Exhibit 1**).

2. The Settlement Agreement required Pole Barn Specialists, Kitchell, and Truty to pay off the principal amount of $289,886.07, by remitting a lump sum payment of $30,000.00 followed by monthly installment payments over a twenty-four (24) month period. (Settlement Agreement ¶¶ 1, 2; **Exhibit 1**).

3. The Settlement Agreement further required Pole Barn Specialists, Kitchell, and Truty to submit Pole Barn Specialists' monthly contribution remittance reports and payments to the Trust Funds in a timely manner, beginning with the contribution period of July 2024, through the duration of the Settlement Agreement. (Settlement Agreement ¶ 5; **Exhibit 1**).

4. Paragraph 7 of the Settlement Agreement provides as follows:

> Kitchell and Truty agree to be personally liable for all of the obligations of Pole Barn Specialists called for in this Agreement, including all payments required by Paragraphs 2 and 4 above and all contributions, liquidated damages, interest, attorneys' fees, audit fees, and audit deficiencies that may become due and owing during the duration of this Agreement. Kitchell and Truty agree that they are personally bound by the [collective bargaining agreements] and agree that they are joint employers with Pole Barn Specialists for the purposes of 29 U.S.C. § 1145.

(Settlement Agreement ¶ 7; **Exhibit 1**).

5. Paragraph 10 of the Settlement Agreement provides as follows:

> In the event that Pole Barn Specialists, Kitchell, and Truty default on any of their obligations under the terms of this Agreement, then (a) all remaining payments shall be accelerated and become immediately payable; (b) an additional liquidated damages charge of ten percent (10%) of all unpaid amounts shall become due and payable by Pole Barn Specialists, Kitchell, and Truty; (c) the Trust Funds and Union may petition the Court to reinstate the Lawsuit and to seek an immediate entry of judgment against Pole Barn Specialists, Kitchell, and Truty; (d) Pole Barn Specialists, Kitchell, and Truty confess judgment for any and all unpaid amounts due

> under this Agreement; and (e) in the event the Trust Funds and Union are required to engage an attorney to collect any amounts due under this Agreement, Pole Barn Specialists, Kitchell, and Truty shall be liable for all reasonable attorneys' fees and costs incurred by the Trust Funds and Union.

(Settlement Agreement ¶ 10; **Exhibit 1**).

6. Pursuant to the Settlement Agreement, the parties agreed to a Stipulated Order of Dismissal with the Court to Retain Jurisdiction to Enforce the Terms of the Parties' Settlement Agreement ("Stipulated Order of Dismissal"), which this Court entered on September 26, 2024. (Docket No. 27).

7. Paragraph 2 of the Stipulated Order of Dismissal provides as follows:

> The Court shall retain jurisdiction over the parties and hereby grants Plaintiffs leave to reinstate the proceedings in the above-captioned matter to enforce the terms of the Settlement Agreement entered into by and between the parties in August 2024, but not later than October 1, 2026.

(Docket No. 27).

8. Paragraph 3 of the Stipulated Order of Dismissal provides as follows:

> Pursuant to the Settlement Agreement entered into by and between the parties in August 2024, Defendants Pole Barn Specialists, Kitchell, and Truty are obligated to make a lump sum payment to Plaintiffs followed by monthly installments for a period of twenty-four (24) months, with the final installment due on September 1, 2026. Failure by Defendants Pole Barn Specialists, Kitchell, and Truty to comply with their payment obligations shall constitute a breach of the Settlement Agreement.

(Docket No. 27).

9. Defendants Pole Barn Specialists, Kitchell, and Truty have failed to remit the installment payments owed for November 2025 through September 2026 in breach of the Settlement Agreement. (Ward Decl. ¶ 6; **Exhibit 2**).

10. Defendants Pole Barn Specialists, Kitchell, and Truty also failed to timely submit Pole

Barn Specialists' monthly contribution remittance report payments for the months of February 2026, March 2026, April 2026, and June 2026, and therefore owe the Trust Funds interest for those work months in the aggregate amount of $4,332.02. (Ward Decl. ¶ 7; **Exhibit 2**).

11. Defendants Pole Barn Specialists, Kitchell, and Truty have submitted Pole Barn Specialists' monthly contribution remittance report for the month of August 2026 but have failed to pay the corresponding contributions and wage deductions owed in the aggregate amount of $22,299.79. (Ward Decl. ¶ 8; **Exhibit 2**).

12. As a result of their failure to timely pay the contributions and wage deductions owed for August 2026, Pole Barn Specialists, Taylor Kitchell, and Thomas Truty also owe the Trust Funds $2,229.98 in liquidated damages and $2,229.98 in interest. (Ward Decl. ¶ 9; **Exhibit 2**).

13. Since October 15, 2024, Plaintiffs have incurred attorneys' fees in the amount of $6,198.50 to collect the amounts due under the Settlement Agreement. (Decker Decl.; **Exhibit 3**).

14. Defendants Pole Barn Specialists, Kitchell, and Truty are in default of the Settlement Agreement, and Plaintiffs are seeking the entry of judgment against the Defendants pursuant to Paragraph 10(c) of the Settlement Agreement. (Settlement Agreement ¶ 10; **Exhibit 1**).

**WHEREFORE**, Plaintiffs respectfully request that:

A. This matter be reinstated, and that Judgment be entered in favor of Plaintiffs and against Defendants Pole Barn Specialists, Kitchell, and Truty, jointly and severally, in the aggregate amount of $156,425.11, itemized as follows:

i. $128,576.94 in principal under the Settlement Agreement;

ii. $12,857.69 in liquidated damages under the Settlement Agreement;

iii. $4,332.02 in interest for February 2026, March 2026, April 2026, and June 2026;

iv. $22,299.79 in contributions for August 2026;

v. $2,229.98 in liquidated damages for August 2026;

vi. $2,229.98 in interest for August 2026;

vii. $6,198.50 in attorneys' fees and costs.

B. Plaintiffs have such other and further relief as the Court may deem just and equitable all at the cost of Defendants Pole Barn Specialists, Kitchell, and Truty, pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

**INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS *et al.***

/s/ Adam Y. Decker
Adam Y. Decker (36407-53)
JOHNSON & KROL, LLC
11611 N. Meridian Street, Suite 310
Carmel, Indiana 46032
Phone: (317) 754-8720
Fax: (312) 255-0449
decker@johnsonkrol.com

*One of Plaintiffs' Attorneys*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 1, 2026, a true and correct copy of the foregoing **Motion to Reinstate the Lawsuit and for the Immediate Entry of Judgment Against Defendants** was served on Defendants' counsel of record, via operation of the Court's CM/ECF system.

/s/ Adam Y. Decker
Adam Y. Decker (36407-53)
*One of Plaintiffs' Attorneys*