# EXHIBIT

# 1

**SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement"), by and between Pole Barn Specialists, LLC ("**Pole Barn Specialists**"), Taylor Kitchell ("**Kitchell**), and Thomas Truty ("**Truty**"), parties of the first part, and the Indiana/Kentucky/Ohio Regional Council of Carpenters Pension Fund, Indiana/Kentucky/Ohio Regional Council of Carpenters Defined Contribution Pension Fund, Indiana/Kentucky/Ohio Regional Council of Carpenters Welfare Fund, Indiana/Kentucky/Ohio Regional Council of Carpenters Joint Apprenticeship and Training Fund (collectively, the "**Trust Funds**"), and the Central Midwest Regional Council of Carpenters ("**Union**"), parties of the second part, is hereby entered into as follows:

WHEREAS, **Pole Barn Specialists** is signatory to a Memorandum of Agreement ("MOA") with the **Union**;

WHEREAS, **Kitchell** is a Member at **Pole Barn Specialists**;

WHEREAS, **Truty** is a Member at **Pole Barn Specialists**;

WHEREAS, through the MOA, **Pole Barn Specialists** is bound to collective bargaining agreements ("CBAs") with the **Union** and to the Agreements and Declarations of Trust ("Trust Agreements") that created and administer the **Trust Funds**;

WHEREAS, through the CBAs and Trust Agreements, **Pole Barn Specialists** is required to pay contributions to the **Trust Funds** and wage deductions to the **Union** for work performed by its bargaining-unit employees;

WHEREAS, pursuant to the CBAs and Trust Agreements, **Pole Barn Specialists** is liable for liquidated damages, interest, and attorneys' fees and costs associated with the collection of delinquent contributions;

WHEREAS, the **Trust Funds** and **Union** filed a lawsuit against, **Pole Barn Specialists**, **Kitchell**, and **Truty** in the U.S. District Court for the Southern District of Indiana, styled as *Indiana/Kentucky/Ohio Regional Council of Carpenters Pension Fund et al. v. Pole Barn Specialists, LLC et al.*, Case No. 1:23-cv-00371-MPB-TAB (the "Lawsuit") for their breaches of the MOA, CBAs, and Trust Agreements;

WHEREAS, **Pole Barn Specialists** currently owes the **Trust Funds** and **Union** contributions, wage deductions, liquidated damages, and interest in the aggregate amount of $281,512.87, itemized as follows:

| Month | Type: | Amount: |
|---|---|---|
| June 2023 | Interest | $2,507.39 |
| July 2023 | Interest | $5,994.33 |
| August 2023 | Interest | $7,158.98 |
| September 2023 | Interest | $3,524.17 |
| October 2023 | Contributions | $38,596.38 |
| October 2023 | Liquidated Damages | $4,224.44 |
| October 2023 | Interest | $4,224.44 |
| November 2023 | Contributions | $32,830.89 |

| Month | Type: | Amount: |
|---|---|---|
| November 2023 | Liquidated Damages | $3,283.09 |
| November 2023 | Interest | $3,283.09 |
| December 2023 | Contributions | $33,596.72 |
| December 2023 | Liquidated Damages | $3,359.67 |
| December 2023 | Interest | $3,359.67 |
| January 2024 | Contributions | $33,351.25 |
| January 2024 | Liquidated Damages | $3,335.13 |
| January 2024 | Interest | $3,335.13 |
| February 2024 | Contributions | $34,909.47 |
| February 2024 | Liquidated Damages | $3,490.95 |
| February 2024 | Interest | $3,490.95 |
| March 2024 | Contributions | $32,048.99 |
| March 2024 | Liquidated Damages | $3,204.90 |
| March 2024 | Interest | $3,204.90 |
| April 2024 | Liquidated Damages | $3,785.96 |
| April 2024 | Interest | $3,785.96 |
| May 2024 | Liquidated Damages | $3,813.02 |
| May 2024 | Interest | $3,813.02 |
| | **TOTAL:** | **$281,512.87** |

WHEREAS, the **Trust Funds** and **Union** have incurred attorneys' fees and costs in excess of $8,373.18 pursuing **Pole Barn Specialists**, **Kitchell**, and **Truty** for the contributions, wage deductions, liquidated damages, interest, and audit fees detailed above;

WHEREAS, the Parties desire to compromise and resolve this matter without incurring the expense and inconvenience of further litigation;

WHEREFORE, in exchange for the mutual promises herein, the **Trust Funds** and **Union** have agreed to accept monthly installment payments from **Pole Barn Specialists** to resolve the contributions, deductions, liquidated damages, interest, and attorneys' fees and costs owed by **Pole Barn Specialists** to the **Trust Funds** and **Union**.

**NOW THEREFORE**, for and in consideration of the mutual promises contained in this Agreement, and for good and valuable consideration, the sufficiency of which is contained herein, the Parties agree as follows:

1. **Pole Barn Specialists**, **Kitchell**, and **Truty** stipulate that they owe the **Trust Funds** and **Union** the principal balance of TWO HUNDRED EIGHTY-NINE THOUSAND EIGHT HUNDRED EIGHTY-SIX AND 07/100 DOLLARS ($289,886.07) for unpaid contributions, liquidated damages, interest, and attorneys' fees and costs.

2. **Pole Barn Specialists**, **Kitchell**, and **Truty** agree that they shall pay off the principal balance owed to the **Trust Funds** and **Union** by remitting a lump sum payment of $30,000.00 on or before September 1, 2024, and that they shall pay the remaining amount over a twenty-four (24) month period at 8.50% interest pursuant to the schedule attached hereto as **<u>Exhibit A</u>**. **Pole Barn Specialists**, **Kitchell**, and **Truty** shall submit the monthly installments by certified check in the amounts and by the dates shown in **<u>Exhibit A</u>**.

3. All payments referenced in Paragraph 2 shall be made payable to the ***IKORCC Fringe Benefit Funds*** and shall be mailed to the **Trust Funds**' Collection Coordinator at the following address:

BeneSys, Inc.
Attn: Debbie Taylor
P.O. Box 429
Mooresville, Indiana 46158

4. Simultaneously with the execution of this Agreement and as a condition precedent to the **Trust Funds** and **Union** entering into this Agreement, **Pole Barn Specialists**, **Kitchell**, and **Truty** agree to submit **Pole Barn Specialists**' Contribution Remittance Reports for the work month of June 2024 to the **Trust Funds**' third-party administrator, BeneSys, Inc. Within five (5) business days of submitting the Contribution Remittance Reports for the work month of June 2024, **Pole Barn Specialists**, **Kitchell**, and **Truty** agree to pay the corresponding contributions, liquidated damages, and interest owed.

5. **Pole Barn Specialists**, **Kitchell**, and **Truty** further agree to submit all ongoing Contribution Remittance Reports and payments to the **Trust Funds** during the term of this Agreement in a timely manner, beginning with the Contribution Remittance Report for the work period of July 2024. Failure by **Pole Barn Specialists, Kitchell**, and **Truty** to submit required Contribution Remittance Reports and payments in a timely manner shall constitute a default of this Agreement.

6. Provided that all payments referenced in Paragraphs 2 and 4 are received in a timely manner and **Pole Barn Specialists**, **Kitchell**, and **Truty** otherwise complies with the terms of this Agreement in its entirety, the **Trust Funds** and **Union** shall waive the final payment set forth in **Exhibit A**. The final payment represents twenty-five percent (25%) of the liquidated damages and interest stipulated as due and owing.

7. **Kitchell** and **Truty** agree to be personally liable for all of the obligations of **Pole Barn Specialists** called for in this Agreement, including all payments required by Paragraphs 2 and 4 above and all contributions, liquidated damages, interest, attorneys' fees, audit fees, and audit deficiencies that may become due and owing during the duration of this Agreement. **Kitchell** and **Truty** agree that they are personally bound by the CBAs and agree that they are joint employers with **Pole Barn Specialists** for the purposes of 29 U.S.C. § 1145.

8. Within five (5) business days of receiving a fully executed copy of this Agreement and the lump sum payment of $30,000.00, the **Trust Funds** and **Union** shall submit the proposed Stipulated Order of Dismissal attached hereto as **Exhibit B**, seeking a dismissal of the Lawsuit with the Court to retain jurisdiction to enforce the terms of the Agreement. In the event that the Court rejects the proposed Stipulated Order of Dismissal in the form presented, the Parties agree to work together to draft language that will satisfy the Court.

9. The **Trust Funds**, **Union**, and their attorneys have the right to, at any time during the duration of this Agreement, request documentation relating to **Pole Barn Specialists**' then current project(s) including, but not limited to the following information:

a. Owner of the property where the project is taking place;
b. Address of the property where the project is taking place;
c. Dates **Pole Barn Specialists** performed work on the project;
d. General contractor on the project;
e. Any higher-tiered subcontractors on the project;
f. Man hours; and
g. Payroll records by project.

**Pole Barn Specialists**, **Kitchell**, and **Truty** agree to produce to the **Trust Funds** and **Union** or their attorneys all requested documentation within five (5) business days of any such request. Failure by **Pole Barn Specialists** to produce the requested documentation within five (5) business days of any documentation request shall constitute a default of this Agreement. Such requests shall be made via email to the attorney for **Pole Barn Specialists**, **Kitchell**, and **Truty** Mr. Todd A. Miller of Allocco, Miller & Cahill, P.C.

10. In the event that **Pole Barn Specialists**, **Kitchell**, and **Truty** default on any of their obligations under the terms of this Agreement, then (a) all remaining payments shall be accelerated and become immediately payable; (b) an additional liquidated damages charge of ten percent (10%) of all unpaid amounts shall become due and payable by **Pole Barn Specialists**, **Kitchell**, and **Truty**; (c) the **Trust Funds** and **Union** may petition the Court to reinstate the Lawsuit and to seek an immediate entry of judgment against **Pole Barn Specialists**, **Kitchell**, and **Truty**; (d) **Pole Barn Specialists**, **Kitchell**, and **Truty** confess judgment for any and all unpaid amounts due under this Agreement; and (e) in the event the **Trust Funds** and **Union** are required to engage an attorney to collect any amounts due under this Agreement, **Pole Barn Specialists**, **Kitchell**, and **Truty** shall be liable for all reasonable attorneys' fees and costs incurred by the **Trust Funds** and **Union**.

11. Should the **Trust Funds** and **Union** choose to waive the lateness of any payment(s) called for in this Agreement, such waiver shall only be effective to the specified lateness actually waived and shall not act as a waiver to any subsequent payments.

12. The recitals shall be considered a part of this Agreement.

13. This Agreement shall be executed in counterparts and each one shall be deemed an original. A facsimile copy or scanned copy of the Agreement or counterpart shall be deemed, and shall have the same legal force and effect as, an original document.

14. This Agreement shall be binding upon the heirs, successors, and assigns of the Parties hereto.

15. The persons signing below represent that they are authorized to execute this Agreement and bind their respective entities and themselves to the terms herein.

16. This Agreement and the exhibits hereto constitute and represent the complete and entire agreement between the Parties. The terms of this Agreement may not be altered, modified, or supplemented except by a writing signed by each of the Parties.

17. This Agreement shall terminate upon the receipt of the last payment called for in this

16. This Agreement and the exhibits hereto constitute and represent the complete and entire agreement between the Parties. The terms of this Agreement may not be altered, modified, or supplemented except by a writing signed by each of the Parties.

17. This Agreement shall terminate upon the receipt of the last payment called for in this Agreement.

18. The Parties agree that if any provision of this Agreement is rendered invalid or unenforceable by a court or governmental agency of competent jurisdiction, the remaining provisions shall remain in full force and effect.

19. This Agreement shall be construed in accordance with Indiana law without regard to choice of laws except as preempted by applicable federal law.

20. The Parties acknowledge that each has been advised by his/her/its own competent legal counsel in connection with the execution of this Agreement, or has had the opportunity to consult competent legal counsel, that the signor below has carefully read and understands this Agreement, and signs the same of his/her/its own free will.

The Parties have executed this Agreement on the dates set forth below:

**INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND**

[signature]
By: Chairman

Date: ____________________

____________________
By: Secretary

Date: ____________________

**INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION FUND**

[signature]
By: Chairman

Date: ____________________

**POLE BARN SPECIALISTS, LLC**

[signature]
By: Taylor Kitchell, Member

Date: 08/26/2024

**TAYLOR KITCHELL**

[signature]
By: Taylor Kitchell, Individually

Date: 08/26/2024

**THOMAS TRUTY**

[signature]
By: Thomas Truty, Individually

Date: 08/26/2024

**INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND**

By: Chairman

Date: ______________________

______________________
By: Secretary

Date: ______________________

**CENTRAL MIDWEST REGIONAL COUNCIL OF CARPENTERS**

By: Executive Secretary-Treasurer

Date: ______________________

# EXHIBIT

# A

INSTALLMENT SCHEDULE

| | Date | Payment | Principal | Interest | Balance |
|---|---|---|---|---|---|
| Initial | 09/01/24 | $30,000.00 | $30,000.00 | $0.00 | $259,886.07 |
| 1 | 10/01/24 | $11,384.45 | $9,678.49 | $1,705.96 | $250,207.58 |
| 2 | 11/01/24 | $11,384.45 | $9,747.05 | $1,637.40 | $240,460.53 |
| 3 | 12/01/24 | $11,384.45 | $9,816.09 | $1,568.36 | $230,644.44 |
| 4 | 01/01/25 | $11,384.45 | $9,885.62 | $1,498.83 | $220,758.82 |
| 5 | 02/01/25 | $11,384.45 | $9,955.64 | $1,428.81 | $210,803.18 |
| 6 | 03/01/25 | $11,384.45 | $10,026.16 | $1,358.29 | $200,777.02 |
| 7 | 04/01/25 | $11,384.45 | $10,097.18 | $1,287.27 | $190,679.84 |
| 8 | 05/01/25 | $11,384.45 | $10,168.70 | $1,215.75 | $180,511.13 |
| 9 | 06/01/25 | $11,384.45 | $10,240.73 | $1,143.72 | $170,270.40 |
| 10 | 07/01/25 | $11,384.45 | $10,313.27 | $1,071.18 | $159,957.13 |
| 11 | 08/01/25 | $11,384.45 | $10,386.32 | $998.13 | $149,570.81 |
| 12 | 09/01/25 | $11,384.45 | $10,459.89 | $924.56 | $139,110.92 |
| 13 | 10/01/25 | $11,384.45 | $10,533.98 | $850.47 | $128,576.94 |
| 14 | 11/01/25 | $11,384.45 | $10,608.60 | $775.85 | $117,968.34 |
| 15 | 12/01/25 | $11,384.45 | $10,683.74 | $700.71 | $107,284.60 |
| 16 | 01/01/26 | $11,384.45 | $10,759.42 | $625.03 | $96,525.18 |
| 17 | 02/01/26 | $11,384.45 | $10,835.63 | $548.82 | $85,689.55 |
| 18 | 03/01/26 | $11,384.45 | $10,912.38 | $472.07 | $74,777.16 |
| 19 | 04/01/26 | $11,384.45 | $10,989.68 | $394.77 | $63,787.49 |
| 20 | 05/01/26 | $11,384.45 | $11,067.52 | $316.93 | $52,719.96 |
| 21 | 06/01/26 | $11,384.45 | $11,145.92 | $238.53 | $41,574.04 |
| 22 | 07/01/26 | $11,384.45 | $11,224.87 | $159.58 | $30,349.18 |
| 23 | 08/01/26 | $11,384.45 | $11,304.38 | $80.07 | $19,044.80 |
| 24 | 09/01/26 | $19,044.80 | $19,044.80 | $0.00 | $0.00 |
| Totals | | **$310,887.16** | **$289,886.07** | **$21,001.09** | |

# EXHIBIT

# B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND; INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION FUND; INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; and CENTRAL MIDWEST REGIONAL COUNCIL OF CARPENTERS, | |
| Plaintiffs, | |
| vs. | Case No.: 1:24-cv-371-MPB-TAB |
| POLE BARN SPECIALISTS, LLC, an Indiana limited liability company; TAYLOR KITCHELL, an individual; and THOMAS TRUTY, an individual, | |
| Defendants. | |

**STIPULATED ORDER OF DISMISSAL**
**WITH THE COURT TO RETAIN JURISDICTION TO**
**ENFORCE THE TERMS OF THE PARTIES' SETTLEMENT AGREEMENT**

Plaintiffs, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND *et al.* ("Plaintiffs"), and the Defendants POLE BARN SPECIALISTS, LLC ("Pole Barn Specialists"), TAYLOR KITCHELL ("Kitchell"), and THOMAS TRUTY ("Truty"), pursuant to Rule 41(a)(1(A)(ii) of the Federal Rules of Civil Procedure hereby submit this Stipulated Order for Dismissal of this lawsuit with the Court to retain jurisdiction to enforce the terms of the parties' Settlement Agreement and stipulate as follows:

WHEREAS, the parties in this matter have reached a Settlement Agreement and the parties stipulate to the dismissal of the above-captioned matter without prejudice, reserving jurisdiction in this Court to reinstate the proceedings to enforce certain terms of the Settlement Agreement entered into by and between the parties in ______2024 under the authority of *Kokken v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82 (1994).

**IT IS HEREBY ORDERED:**

1. The above-captioned case is hereby dismissed without prejudice.

2. The Court shall retain jurisdiction over the parties and hereby grants Plaintiffs leave to reinstate the proceedings in the above-captioned matter to enforce the terms of the Settlement Agreement entered into by and between the parties in ______ 2024, but not later than October 1, 2026. The parties are barred from relitigating any claims raised in this litigation.

3. Pursuant to the Settlement Agreement entered into by and between the parties in ______ 2024, Defendants Pole Barn Specialists, Kitchell, and Truty are obligated to make a lump sum payment to Plaintiffs followed by monthly installments for a period of twenty-four (24) months, with the final installment due on September 1, 2026. Failure by Defendants Pole Barn Specialists, Kitchell, and Truty to comply with their payment obligations shall constitute a breach of the Settlement Agreement.

4. In the event a motion to reinstate to enforce settlement is not filed on or before October 1, 2026, the dismissal without prejudice will automatically convert to a dismissal with prejudice, and the Court shall relinquish jurisdiction.

Date: ____________________________________

Hon. Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Agreed and so stipulated:

**INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND *et al.***

/s/ Adam Y. Decker
Adam Y. Decker (36407-53)
JOHNSON & KROL, LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Phone: (317) 754-8720
Facsimile: (312) 255-0449
decker@johnsonkrol.com

*Attorney for Plaintiffs*

**POLE BARN SPECIALISTS, LLC *et al.***

______________________________
Todd A. Miller (#6216561)
ALLOCCO, MILLER & CAHILL, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, Illinois 60606
Phone: (312) 675-4325
Facsimile: (312) 675-4326
tam@alloccomiller.com

*Attorney for Defendants*